GEORGE W. JACKMAN *vs.* ALBERT BOWKER.

An order in this form — " Pay J. or order $ 300, if the same may be due him from me on his and my settlement, out of the last payment due from you to me, on houses which I am now building for you " — and accepted by the drawee, cannot be declared on as a bill of exchange: But the drawee, in order to maintain an action thereon against the acceptor, must aver and prove that, before action brought, there was due to the drawee, upon a settlement with the drawer, $ 300 or some other sum, and also that a sum of money was due from the acceptor out of the last payment to be made by him to the drawer on the houses mentioned in the order.

By an agreement between A. and B., A. was to build a block of houses for B., for a sum which was to be paid by three instalments, the last of which was to be paid when the block should be finished : It was further agreed, that if A. should fail to complete the block, B. should complete it " by contract, by the rules of work, or otherwise," and deduct the cost of the completion from the sum agreed to be paid to A. : A. began to build, and drew several orders on B., which B. accepted, in favor of workmen employed by A. on the block, and payable out of the last instalment, if the amount of the orders, respectively, should be due from A. on his settlement with the payees : B. subsequently advanced money to A. towards payment of the last instalment, without the consent or knowledge of the holders of said orders : A. afterwards failed to complete the block, and the holders of the orders met and agreed that B. should proceed to complete it, under the superintendence of a committee of said holders, by furnishing materials and hiring workmen by the day, and that B., after thus completing the block, and deducting the cost of completion, should distribute the balance, due to A. on the last instalment, among the holders of the orders, *pro rata,* and be discharged from any further liability on his acceptances : B. completed the block accordingly, and upon a subsequent settlement between him and A., after deducting the advances made towards payment of the last instalment, there was found due to A. less than was sufficient to pay all said orders in full. *Held,* that in the absence of a consideration for the agreement that B. should be discharged from his acceptances by paying them *pro rata,* he was

bound to pay them in full, in the order in which they were made, to the amount of the sum which would have been due to A., on settlement, without deducting the advances made towards payment of the last instalment. *Held also*, that evidence was not admissible to show that the payees of the orders, at the time they were accepted, must have supposed that it would be necessary that B. should make advances to A. on the last instalment, in order to enable A. to fulfil his contract.

One part of the instructions given to a jury, on any point in a cause, is to be taken and construed in connexion with other parts; and if the instructions, as a whole, are not erroneous, a party cannot succeed in his exceptions thereto, although a single passage of the instructions, if taken abstractly, may be erroneous.

ASSUMPSIT on the following order and acceptance : " East Boston, Nov. 9, 1839. Mr. Albert Bowker. Sir : Please pay George W. Jackman or order three hundred dollars, if the same may be due him from me on his and my settlement, out of the last payment due from you to me on houses which I am now building for you, and charge the same to my account.

E. & S. B. Bailey.

Accepted, 12th Nov. 1839.          Albert Bowker."

The third count in the plaintiff's declaration, after setting forth the order and acceptance, concluded thus : " And the plaintiff avers, that he did there afterwards, to wit on the 22d day of April 1840, account and settle with said Baileys, and that there was due and payable to said Jackman, from said Baileys, the aforesaid sum of $ 300, and a much larger sum : And the said plaintiff also avers, that the said last payment from said Bowker to said Baileys has long since been and is now due : And the said plaintiff also avers, that after said settlement between him and said Baileys, to wit on the same day thereof, he did demand of said Bowker the contents of said order, the same being the aforesaid sum of $ 300, and did then and there make known and declare to said Bowker, that he had made said settlement, and that there was due thereon to him, said Jackman, from said Baileys, the said sum of $ 300, and did exhibit proof to said Bowker of the same ; in consideration of all which, said Bowker then and there became liable to said Jackman, and promised him," &c. There were other counts on said order, and the money counts were added. The trial was in the court of common pleas, before *Warren*, J. who made the following report thereof :

It was admitted that at the time of the commencement of the action, the drawers of said order were indebted to the plaintiff; that a settlement between them had been had ; and that due notice of those facts had been given to the defendant.    It appeared in evidence, that previous to the date of said order, a contract had been made between the Baileys, (drawers of the order,) and the defendant, a copy of which is in the margin.*  It also appeared, that said Baileys commenced building the houses under said contract, and continued their operations upon them until about the 1st of March 1840, and that their debt to the plaintiff was for his work on said houses, under their employment, and for board furnished by him to other workmen employed by them on said houses :    That about said 1st of March — the houses being then unfinished — the Baileys became embarrassed, and were unable to proceed further under the contract ; and that the defendant, before that time, and after the acceptance of said order, had advanced to them about $ 1300 towards the last payment provided for by the contract :    That before said 1st of March, the Baileys had, from time to time, drawn other orders upon the defendant, similar to that now in suit, in favor of other workmen employed upon the houses, and that the defendant had accepted them ; but that the amount of such orders, which were accepted *before* that now in suit, did not exceed $ 800.

The defendant offered evidence tending to prove that after the Baileys became embarrassed, as aforesaid, viz. on the 5th of March 1840, the defendant and plaintiff, and the several

---

* East Boston, September 13, 1839. We, the subscribers, hereby agree to build a block of four houses, with the sheds, fences, conveniences, &c. according to the plans drawn by William Sparrell, and the specifications accompanying the same, on Paris Street, at East Boston, for Albert Bowker, for the sum of $ 5337 :  And we further agree, that in case we fail to complete said block of buildings, said Bowker shall go on and complete the same by contract, by the rules of work, or otherwise, and he shall deduct the costs of said completion from the sum of $ 5337, and to abide by the above named specifications and this contract, both in spirit and letter.        PAYMENTS.   $ 500 will be paid as soon as the outside is finished ; $ 1000 more when plastered and the windows glazed and hung    Balance when completely finished and accepted

holders of the other orders met together, and agreed that from that time the defendant should go on with the work by finding materials and hiring workmen by the day, and complete the buildings under the superintendence of a committee of the holders of the orders, who were to see that he thus completed them in the manner pointed out by the contract ; and that, at the same meeting, it was further agreed, that after deducting the costs of thus finishing the buildings, he should distribute the balance, due upon the last payment mentioned in the contract, among the holders of the orders, *pro rata*, and be discharged from any further liability upon his acce1 tances.

It was admitted that the buildings were completed before the commencement of this suit, and that the cost of them very nearly consumed the balance due on the last payment.

The defendant relied upon several grounds of defence :   1. He contended that no action could be maintained by the plaintiff against the defendant upon this acceptance ; that though such acceptance might be evidence of an express promise to pay, it was not, *per se*, such promise, nor did it, *per se*, create any legal liability to pay ; and that it was necessary to aver and prove a consideration for such promise.   2. That as the Baileys never finished the houses, under the contract, the *last* payment, against which this order was drawn, never became due, and that therefore there was no obligation to pay this order, although the houses were completed, in the manner before stated, by the defendant, before the commencement of the action.   3. That as all parties contemplated, when the several orders were drawn and accepted, that the Baileys would finish the houses, and that the last payment would thus become due, and all the orders would be paid in full, and as it turned out, without any fault of the defendant or of the holders of the orders, that the Baileys did not finish the houses, and therefore there was a deficiency in the fund, so that all could not be paid in full, the holders of the orders were to bear the loss *pro rata.*

The two first objections were overruled ;  and as to the third, it was ruled that the orders, drawn against the last payment, were to be paid in full in the order in which they were accepted, until the fund was exhausted

4. In regard to the advance of $1300 towards the last payment, made as aforesaid by the defendant to the Baileys, the defendant offered to prove that said sum was thus advanced to enable the Baileys to go on with the contract; that such advance was indispensably necessary to enable them to go on; that the sum advanced was applied to that purpose; and that the plaintiff, from his knowledge of the circumstances of the Baileys, at the time his order was accepted, must have supposed that such advances would be necessary and would be made. But it was ruled, that this evidence was inadmissible, unless it were shown that the advances were made with the consent of the plaintiff; and, that his rights were not affected by such payments to the Baileys. 5. The defendant contended that if such an agreement was made, at the meeting before referred to on the 5th of March, as he had attempted to prove, it was a contract binding upon the plaintiff, as made upon a good and sufficient consideration, and under the terms of this new agreement the plaintiff was entitled to recover only his proportion of the small balance remaining in the defendants' hands after the completion of the buildings. And in respect to the consideration, he contended, 1st, that the defendant's agreement to distribute the balance, which should remain in his hands, among the holders of the orders, *pro rata*, instead of paying the orders in the order of the date of the acceptance, constituted a sufficient consideration for the plaintiff's alleged agreement to receive a part, instead of the whole amount of his order. 2d. That as the defendant had, in his original contract with the Baileys, provided that he should finish the work *by contract*, if the Baileys failed to complete the buildings, and as at the meeting aforesaid, he agreed to go on and finish the buildings by hiring men and furnishing materials himself, this formed a sufficient consideration for the plaintiff's alleged new agreement. 3d. That the defendant's agreeing to carry on, and actually carrying on the work, under the superintendance of a committee, who were thus licensed to enter his buildings, and view as they pleased, was a sufficient consideration for the alleged agreement by the plaintiff.

The jury were instructed, that if they were satisfied that the plaintiff, at the meeting aforesaid, made such an agreement as that which the defendant had attempted to prove, and if such agreement were made upon a sufficient consideration, then the plaintiff was entitled to recover only his proportion of the balance remaining in the defendant's hands : Otherwise, he was entitled to recover the amount due on his order, as the defendant had, without any authority or consent of the plaintiff, advanced $1300 to the Baileys, without which advance the defendant would have in his hands sufficient funds to pay this order.   And the jury were further instructed, that the mere agreement of the defendant to pay the balance, which should remain in his hands, to the holders of the orders, *pro rata*, he not having in fact, before the commencement of the action, made any payments to said holders, did not constitute a sufficient consideration for the alleged agreement of the plaintiff :   But that, if the defendant, on the 5th of March, agreed to go on and finish the houses, without making a new contract, and if he did then go on, and if this change in the mode of completing the buildings occasioned him any trouble, prejudice or inconvenience, however slight, this would constitute a sufficient consideration for the agreement alleged to have been made by the plaintiff on the 5th of March.

The jury were further instructed, that if the defendant agreed to finish the houses under the superintendence of a committee, and did go on and thus finish them, and any damage, prejudice or inconvenience thus resulted to him, this constituted a sufficient consideration for said supposed agreement of the plaintiff ; but that if the jury were satisfied, that the defendant wished the appointment of this committee, for his own benefit, and that he might have the advantage of their advice in completing the buildings, and that so he received a benefit overbalancing the inconvenience, if any, to which he was subjected, then his agreement to go on under the superintendence of the committee did not form a sufficient consideration for the plaintiff's supposed agreement.

The jury returned a verdict for the plaintiff for the amount due upon his order.

To the several rulings and instructions aforesaid the defendant alleged exceptions.

*B. R. Curtis*, for the defendant.

*H. H. Fuller*, for the plaintiff.

HUBBARD, J. As to the first exception taken by the defendant, that no action can be maintained against him upon his acceptance, it is certainly true that the order declared upon is not a bill of exchange, and that the mere acceptance of it by the defendant did not create a legal liability on his part to pay the amount of it to the plaintiff. Bayley on Bills, (2d Amer. ed.) 15, 16. To enable the plaintiff to recover, he must aver and prove that, at or before the time of the commencement of the action, there was due to him, upon settlement with the drawers of the order, three hundred dollars, or some other amount ; and he must further aver and prove, that before the commencement of the suit, a sum of money was due from the defendant out of the last payment to be made by him under his contract with the Baileys. *Atkinson* v. *Manks*, 1 Cow. 707. And on examining the plaintiff's declaration, we think the third count is correct enough, in point of form, to sustain the verdict ; and if it were not so, that the money counts are sufficient for the purpose — though it is said they were not specially relied on at the trial, as no bill of particulars was filed agreeably to the usual practice in cases where those counts are depended upon.

In respect to the second exception, that as the Baileys did not finish the contract, the last payment never became due from the defendant, we think this is too narrow a view of the defendant's undertaking. The agreement of the defendant was, that in case the Baileys failed to complete their work, he would go on and finish the houses, and deduct the cost of their completion from the sum of $5337, the stipulated price of the houses ; and it was by no means a condition precedent to a right of action by the plaintiff, that the Baileys should themselves personally complete their contract : But on their failure to do it, the defendant was then substituted to finish the houses, and after deducting his expense in so doing, he would be bound to apply the balance, if any, to the payment of his acceptances in the

same manner as he would have done had the Baileys finished the work.

As to the third exception to the learned judge's charge, who ruled that the orders were to be paid in full in the order they were accepted, until the fund was exhausted, and not, as the defendant contended, that the order holders should bear the loss *pro rata,* we see no reason for adopting the opinion advanced by the defendant's counsel, that all the parties either contemplated, when the orders were drawn, that the Baileys would certainly finish the houses, or that all the orders would be paid in full. We perceive no such connexion between these parties , or that the plaintiff knew what holders of orders there were, besides himself, until after the embarrassment of the Baileys. The rule — prior in time, prior in right — is applicable we think to these order holders. In the case of *Bryant* v. *Russell,* 23 Pick. 534, a fund was created for the payment of certain enumerated debts, without any intent to give a preference, and in consequence of that, there being eventually a deficiency of assets, it was held that the loss ought to be apportioned upon all the debts *pro rata ;* applying the rule in equity, that where the common fund proves insufficient, the parties claiming under it shall equally sustain the loss. The cases of *Brown* v. *Allen* and *Brathwaite* v. *Brathwaite,* cited from 1 Vern. 31, 334, are those where pecuniary legacies were payable at different times, but out of a common fund ; and there the now well known rule of abatement was enforced : Courts of equity having acted on the presumption that the testators, in such cases, supposing they had sufficient estate, intended to make no preferences ; and the abatements are made, because in such circumstances equality is equity. In the case before us, there was no common fund created by the Baileys, for the benefit of the order holders, at one and the same time, and by one and the same act ; but as they contracted debts in the building of the houses, they made their orders, from time to time, to secure those debts, and drew them upon the party for whom they were erecting the houses. This created no privity among the order holders.

The fourth exception respects the advance of a part of the

last payment to the Baileys, without the knowledge of the plaintiff; the judge having excluded the evidence which the defendant offered, tending to prove that such advance was absolutely necessary to enable the Baileys to go on, and that the plaintiff must have supposed such advances would be necessary and would be made. We think the evidence was properly excluded, as no notice of the intended advance had been given to the plaintiff; for the defendant could not safely infer that the plaintiff supposed such advances would be made, after his order was accepted, without reserving a sufficient amount to meet his demand. Besides; the mistake of the defendant, in supposing that, by making the advance, the Baileys would be able to go on, ought not to prejudice the plaintiff in his claim. But the defendant should have either withheld the advance or have consulted with the plaintiff and obtained his consent to make it; and he must bear the consequences of not doing so. We therefore agree with the learned judge, that the evidence thus offered was inadmissible to affect the plaintiff's rights. We cannot assume that the plaintiff suffered no prejudice by this advance, as the defendant's counsel has argued; for the plaintiff, if he had been consulted, might have made terms much more favorable to himself than those which the defendant would now mete out to him in common with others.

The fifth ground of objection to the ruling of the court is founded upon the alleged parol agreement of March 5th 1840, and which objection is urged under different heads. The case presented to us is not without its difficulties, arising from the imperfect manner in which the parties entered into their arrangement, consequent upon the embarrassment of the Baileys. In coming to a decision as to the first head under this exception, we think the charge of the judge is to be taken in connexion with the instructions given under the second and third heads. And though we should rather have said that the sufficiency of the consideration must rest upon the probable benefit or inconvenience to the one party or the other, at the time of entering into the agreement, and would not depend on the manner how it turned out, still we consider the latter part of the instructions as

the illustrations of what, in the opinion of the learned judge, would constitute a good consideration for the new agreement : And taking the instructions as a whole, we think there are no such errors as require us to disturb the verdict ; the charge on the subject of the new agreement having been, to say the least, sufficiently favorable to the defendant. The position of the defendant's counsel, that the defendant was to do the work by *contract*, if the Baileys failed to complete the buildings, and that his agreeing to finish them, by hiring men and procuring materials himself, furnished a good consideration for the alleged new agreement, we think wholly untenable ; being taken upon a construction of the instrument never intended by the parties. The agreement on the part of the defendant, in case the Baileys were not able to go on, was, that he himself should go on and complete the building by contract, by the rules of work, or otherwise, as he should think best ; and the determination on his part to complete them, by hiring men and furnishing materials, was no new undertaking or new agreement, but what was within the scope and intention of the contract with the Baileys, and in fulfilment of it. The jury have by their verdict declared, if they were satisfied with the proof of the alleged agreement, that the defendant sustained no loss and suffered no inconvenience, in completing the buildings himself by hiring men for that purpose ; and that the appointment of the committee was as much for his benefit as for the security of the order holders. We think the agreement set up by the defendant in defence of the action — supposing it to be proved — is one in which an accord without satisfaction will not avail the party relying upon it, and that it falls within the range of those cases where a promise to receive part of a debt instead of the whole has been held unavailing, unless accompanied by a formal release. In this instance, there was neither release nor payment, and consequently no accord and satisfaction.

It has been pressed upon us in the argument, that the court erred in submitting the matter of consideration to the jury ; but n reply to this, we observe that the alleged agreement not being n writing, and the evidence on which it is founded not being

given in detail, we have not the means to decide whether there was error in this respect or not ; and we surely do not feel called upon so far to presume it, as to disturb a verdict founded upon a charge so favorable for the defendant upon the questions presented to the jury for their decision.

Besides ; it often happens that the question is rightfully submitted to a jury, whether a new contract or new parties have been substituted in place of the old. Much necessarily rests on the discretion of a judge, as to the course to be given to a cause in the progress of the trial, and in the manner of presenting it to a jury : And though judges may, and frequently do, differ in their mode of stating a particular case, yet because such differences exist, it does not of course follow that either of the statements is necessarily erroneous.

On the whole, though this case is not free from embarrassments, yet taking into view the circumstances, that the order was accepted with full knowledge of the plaintiff's claim ; that the advance was made by the defendant on account of the last payment, without the knowledge of the plaintiff; that the jury have passed upon all the facts in relation to the alleged substituted agreement ; and that the true construction of the original contract of the defendant with the Baileys required him, after their misfortune, to finish the houses, or otherwise to answer the order of the plaintiff — we are satisfied with the verdict ; and agreeing substantially with the rulings and instructions of the judge who tried the cause in the court below, we think that the several objections of the defendant cannot be sustained, and that there should be judgment on the verdict.

*Exceptions overruled.*